# SUPREME COURT,

## STATE OF KANSAS.

## JANUARY TERM, 1913.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON,. Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER, ⎬ Justices.
Hon. ALFRED W. BENSON,
Hon. JUDSON S. WEST,

Cedora T. Bowen, *Appellee,* v. The City of
La Harpe, *Appellant.*

No. 17,736.

### SYLLABUS BY THE COURT.

1. Negligence—*Personal Injuries—Conflicting Evidence—Findings.* The issues of fact in this case are stated, the conflicting evidence thereon referred to, and the finding sustained.

2. ———— *Trial—Rejection of Competent Evidence Not Prejudicial.* Where considerable testimony is admitted tending to show that the disposition of a horse was unruly and unsafe before an occurrence in which the horse ran away, the rejection of other testimony offered to show the disposition of the horse after that occurrence is not material error although the excluded evidence related to a fact in issue and was competent.

Appeal from Allen district court. Opinion filed March 8, 1913. Affirmed.

*A. F. Florence,* of Iola, for the appellant.

*F. J. Oyler,* of Iola, for the appellee.

1—89 Kan.

The opinion of the court was delivered by

BENSON, J.: This is an action to recover damages for personal injuries suffered at a street crossing. Two questions of fact are presented: (1) Was the crossing defective and dangerous as alleged? (2) Was the defective condition the proximate cause of the injuries? The plaintiff contends that the street crossing where she was hurt and the adjacent ditch or gutter parallel with it were defective because the crossing was elevated about ten inches above the surface of the ground, and the bottom of the ditch was so far below the surface as to cause an offset or decline so great and abrupt and so uneven as to be dangerous. On the other hand, the defendant insists that the crossing was properly constructed, connecting with the sidewalk along the intersecting street in the usual manner, and that the depression along the side of it was the gutter of this intersecting street, of reasonable depth, with an easy and safe incline. Testimony was offered by each party in support of these conflicting claims. The evidence of the plaintiff tended to show that the ditch was in a rough and uneven condition and the descent into it abrupt and dangerous. Gas retorts had been used in filling the slope and left only partially covered, some having been pounded in and some left with sharp edges projecting. These conditions had existed since the crossing was constructed, about five years before the trial. Some witnesses said the crossing had never been finished. The depth of the ditch or gutter was variously stated by the plaintiff's witnesses at from eight to sixteen inches, and its distance from the foot-crossing at six to seven feet. Some filling was done soon after the accident. Evidence of the defendant tended to show that the gutter was not unnecessarily deep, abrupt or dangerous; that the descent from the crossing was about an inch to

the foot for seven or eight feet to the bottom of the gutter, sloping thence upward to the center of the street.

The injuries occurred while the plaintiff was driving east in a one-horse vehicle. Nearing the crossing, which extends north and south on the west side of an intersecting street, her horse became frightened at an object by the roadside. The testimony on her part tended to show that the horse ran straight ahead over the crossing, when the front wheels dropped into the ditch or gutter, causing the buggy to be upset and throwing her and her children out and injuring her. Evidence on the part of the defendant tended to show that the horse shied at the object referred to, the plaintiff then struck him with a whip, when he started into a gallop and went over the crossing and ditch, but when near the middle of the intersecting street the plaintiff pulled the horse suddenly to the south, which cramped the vehicle and caused it to be upset, thus throwing her to the ground.

Upon this conflicting evidence the jury returned a general verdict for the plaintiff. Special findings were not requested. The jury by this verdict necessarily found that the street was defective as alleged, and that the defect was the proximate cause of the injuries suffered, the nature and extent of which are not disputed. Upon principles long settled in the jurisprudence of this state, findings so made and approved by the district court can not be disturbed here if supported by competent evidence. If the place in question was in the condition testified to by the plaintiff's witnesses, or some of them, it can not be held as matter of law that the city was not negligent. That question was properly submitted to the jury.

Error is alleged in excluding evidence offered by the defendant that the horse was wild and in the habit of running away. Here again the testimony was con-

flicting; that of the plaintiff tended to prove that the horse was safe and gentle, while that of the defendant tended to prove the contrary. The court limited the proof of the disposition of the horse to the time before the accident. The defendant produced several witnesses tending to show that the horse was unruly and unsafe before that event, and then offered other witnesses to prove his disposition afterward, but this testimony was excluded. While the offered proof ought to have been received, within reasonable limitations, its exclusion is not sufficient grounds for reversal. The jury appear to have been reasonably informed of the habits and disposition of the horse by the evidence admitted, and the error in excluding further testimony is not considered material. (Civ. Code, § 581.)

The judgment is affirmed.